535 A.2d 1189
**COMMONWEALTH of Pennsylvania**
v.
**Andre CRADDOCK, Appellant.**
Superior Court of Pennsylvania.
Submitted Sept. 11, 1987.
Filed Jan. 20, 1988.

140

Steven A. Morley, Philadelphia, for appellant.

Donna G. Zucker, Assistant District Attorney, Philadelphia, for Com.

Before MONTEMURO, POPOVICH and CERCONE, JJ.

POPOVICH, Judge:

This is an appeal from an Order of the Court of Common Pleas, Philadelphia County, dismissing, without a hearing, appellant's petition under the Post Conviction Hearing Act, 42 Pa.C.S.A. § 9541 *et seq.* We affirm.

Petitioner, Andre Craddock, was charged with aggravated assault, simple assault, possession of instruments of

crime, carrying firearms on a public street, criminal conspiracy, robbery, and recklessly endangering another person. Trial commenced on June 30, 1980. During jury deliberations, petitioner left the court room and did not return. Petitioner was found guilty, *in absentia,* of all charges. The trial court issued a warrant for Craddock's arrest and deferred sentencing. On September 11, 1980, petitioner was sentenced *in absentia.* Counsel for petitioner was present, but no appeal was taken.

Meanwhile, in August 1980, petitioner was arrested in California. In June, 1981, the Commonwealth learned petitioner was imprisoned in the Federal Correctional Facility in Leavenworth, Kansas.

In August 1985, Craddock was released into Pennsylvania's custody, and petitioner filed a *pro se* PCHA petition. Counsel was appointed and filed an amended petition. The Commonwealth responded with a Motion to Dismiss, which the PCHA Court granted. This appeal followed.

Petitioner, Andre Craddock, argues that sentencing *in absentia* was in violation of both court rules and the Pennsylvania and Federal Constitutions, and that trial counsel was ineffective for not objecting to the sentencing procedure. Petitioner alleges the PCHA Court erred in dismissing his petition based upon waiver.

The Post Conviction Hearing Act provides that in order to be eligible for relief under the Act, a person must prove that objection to the error resulting in his conviction and sentence has not been waived. 42 Pa.C.S.A. § 9543(4). And, even if a petition alleges facts constituting grounds for relief under the Act, an evidentiary hearing may be denied if the court finds the issues raised were waived by the petitioner. *Commonwealth v. Johnson,* 431 Pa. 522, 246 A.2d 345 (1968); *Commonwealth v. Fiero,* 462 Pa. 409, 341 A.2d 448 (1975). The Act further provides that an issue is waived if: (1) the petitioner knowingly and understandingly failed to raise the issue, and it could have been

raised on appeal; (2) the petitioner is unable to prove the existence of the extraordinary circumstances to justify his failure to raise the issue. 42 Pa.C.S.A. § 9544(b). There is a rebuttable presumption that a failure to appeal a ruling or raise an issue is knowing and understanding failure. 42 Pa.C.S.A. § 9544(c).

 The general rule is that in a criminal case, voluntary fugitive status disentitles a defendant to call upon the resources of the court for the disposition of a defendant's legal claims. *Molinaro v. New Jersey*, 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970); *Commonwealth v. Barron*, 237 Pa.Super. 369, 352 A.2d 84 (1975). Escape of a convicted defendant may properly be considered rejection of the means afforded defendant for challenging his conviction and imprisonment. Thus, by choosing fugitive status, defendant forfeits his right to have his claim considered. *Commonwealth v. Passaro*, 504 Pa. 611, 615–616, 476 A.2d 346, 348 (1984). The fact that defendant is subsequently recaptured provides no basis for disturbing the order dismissing his appeal, as defendant who elects to escape from custody waives his right to appellate review. *Passaro,* supra, 504 Pa. 611 at 616, 476 A.2d 346 at 349. So, in spite of the fact that petitioner is within the control of the court at the time of this appeal, his voluntary fugitive status at the time for direct appeal acts as a knowing and understanding waiver of his appellate rights. In addition, even if petitioner's counsel had appealed his conviction or sentence on any grounds, the court could have dismissed his appeal due to his fugitive status, and, upon petitioner's return to the custody of the Commonwealth, the court could have continued to refuse to consider his appeal. See *Commonwealth v. Boyd*, 244 Pa.Super. 98, 366 A.2d 934 (1976) (defendant, by becoming fugitive, lost right of review of post-trial motions, and trial court did not abuse its discretion in refusing to consider motions upon his return to jurisdiction).

The second claim of the petitioner attributes the trial court with error in sentencing him in absentia, as violative of established Rules of Criminal Procedure and the United States and Pennsylvania Constitutions, and labels prior counsel inept for neglecting to object to absence from such proceedings.

■. We find both contentions to be meritless on the basis of procedural and constitutional precedent. For example, the ability to conduct criminal matters in the defendant's absence has been codified at Pa.R.Crim.P. 1117(a), which provides:

(a) The defendant shall be present at the arraignment, at every stage of the trial including the impanelling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule. The defendant's absence without cause shall not preclude proceeding with the trial including the return of the verdict.

Therefore, based on the preceding, the petitioner's abstention from the sentencing, like the trial, did not impair the court below from carrying on with the case. See *Commonwealth v. Ragoli*, 362 Pa.Super. 390, 400, 524 A.2d 933, 938 (1987).

There is no reason, from the record before this Court, to believe that the petitioner was ignorant of the criminal charges pending against him or the consequences flowing from his *voluntary* removal from this jurisdiction.

■ It is true that a leading principle pervading the entire law of criminal procedure is that, after indictment found, nothing shall be done in the absence of the prisoner. See *Lewis v. United States*, 146 U.S. 370, 372, 13 S.Ct. 136, 137, 36 L.Ed. 1011 (1892); *Brinlee v. Crisp*, 608 F.2d 839, 848 (10th Cir.1979), cert. denied, 444 U.S. 1047, 100 S.Ct. 737, 62 L.Ed.2d 733 (1980); see also *Commonwealth v. Hoss*, 445 Pa. 98, 114, 283 A.2d 58, 67 (1971). However, such a right

can be relinquished, e.g., it can be waived by one's words *or actions.* See *Illinois v. Allen,* 397 U.S. 337, 344, 90 S.Ct. 1057, 1061, 25 L.Ed.2d 353 (1970); *Badger v. Cardwell,* 587 F.2d 968 (9th Cir.1978); *Commonwealth v. Africa,* 466 Pa. 603, 353 A.2d 855 (1976).

Instantly, we have no reservations in concluding that the petitioner's removal from this jurisdiction was a voluntary one, and, as such, entitled the court below to conduct his trial and impose sentence upon him. See Rule 1117; see generally *Commonwealth v. McLaurin,* 292 Pa.Super. 392, 437 A.2d 440 (1981).

It must be remembered that the requirement that the defendant be present at every stage of the judicial process is a double-edged sword. On the one hand, an error of constitutional dimension occurs when there appears no record evidence of a voluntary waiver of a defendant's presence at the various stages of the judicial process—the remedy is a proceeding with the accused present. See *McLaurin,* supra. The converse also holds true, i.e., the defendant's failure to appear at the same proceedings can be construed as *voluntary* by his *actions.* See *Lewis,* supra. And, when this occurs, one's protestations, be they lodged against the jurist or counsel for proceeding in his absence, will be ineffectual to hurdle the waiver endemic to the volitional abstention from the trial and/or sentencing by the accused.

■ Accordingly, the petitioner's failure to establish, by a preponderance of the evidence, that his abstention was anything other than intentional and of his own free will renders meritless his allegations of trial court error and counsel's incompetence.

For the reasons stated, the order of the Post–Conviction Hearing Act court denying the petitioner's requested relief is affirmed.

Order affirmed.