SMITH, J.,
This appeal raises the single issue of whether a convicted defendant who escapes from prison prior to his scheduled sentencing hearing may be sentenced in absentia.
On August 26, 1993, a jury found defendant guilty of robbery and resisting arrest.[1] The charges stemmed from defendant’s scuffle with a police officer, in which he took the officer’s gun and pointed it at him before fleeing. The trial was not without incident. During the prosecutor’s closing argument, defendant stood up and twice punched defense counsel in the face. The defendant, Oscar Rodriguez, was quickly subdued by two deputy sheriffs and the police prosecutor, the victim in the case. The jury was recessed.
Before calling the jury back and proceeding with trial, the court asked defendant if he would control himself for the remainder of the trial. Defendant responded that he would prefer instead not to be present. The trial recommenced as defendant observed from an adjoining room equipped with a two-way window and speaker system. The court informed the jury of this *290 fact. The jury was instructed that it should disregard defendant’s actions at trial during its deliberations.
Upon the return of a guilty verdict, the court ordered the prompt preparation of a pre-sentence investigation report and set a date for sentencing. Defendant was transported to Berks County Prison where, within a matter of hours, he and a fellow inmate overpowered a guard and escaped. Defendant remained at large while his scheduled sentencing hearing took place. He was sentenced to a term of 10 1/2 years to 22 years imprisonment.[2]
Through conflicts counsel, the fugitive defendant now appeals from this court’s judgment of sentence. Defense counsel alleges simply that this court improperly sentenced defendant in absentia.
In Commonwealth v. Craddock, infra, a defendant left the courtroom during jury deliberations and did not return. He was convicted in absentia on various charges, including aggravated assault and robbery. The trial court set a date for sentencing, and since the defendant’s whereabouts remained unknown, the court sentenced him in absentia.
Following his recapture, the defendant appealed from the court’s judgment of sentence on grounds that his sentencing in absentia violated both court rules and the Pennsylvania and United States Constitutions. Commonwealth v. Craddock, 370 Pa. Super. 139, 535 A.2d 1189 (1988), affirmed per curiam, 552 Pa. 491, 564 A.2d 151 (1989).
*291 In deciding the issue, the Superior Court in Craddock relied on Pennsylvania Rule of Criminal Procedure 1117 (a), which provides:
“The defendant shall be present at the arraignment, at every stage of the trial including the impanelling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule. The defendant’s absence without cause shall not preclude proceeding with the trial including the return of the verdict.” Id. at 144, 535 A.2d at 1192. Pa.R.Crim.P. 1117(a).
The court held that “the petitioner’s abstention from the sentencing, like the trial, did not impair the court below from carrying on with the case.” Id. at 144, 535 A.2d at 1192. The court also concluded:
“There is no reason, from the record before this court, to believe that the petitioner was ignorant of the criminal charges pending against him or the consequences flowing from his voluntary removal from this jurisdiction.” (emphasis in original) Id.
The appellate court affirmed the trial court’s judgment of sentence.
The instant case is analogous to Craddock. By escaping from prison prior to his sentencing hearing, defendant voluntarily waived his right to be present during sentencing. Such a right “can be waived by one’s words or [by his] actions.” Id. at 145, 535 A.2d at 1192. (emphasis in original) Under the present facts, there is no doubt that defendant’s failure to appear for sentencing was knowing, intentional and voluntary. Therefore, in light of Craddock, defendant was properly sentenced in absentia. See also, Commonwealth v. Ragoli, 362 Pa. Super. 390, 401, 524 A.2d 933, 938 (1987) (defendant’s abstention from sentencing should not have impaired trial court from carrying on with case).
*292 In a more recent case, Commonwealth v. Sullens, 431 Pa. Super. 644, 631 A.2d 1373 (1993), Pennsylvania’s Supreme Court decided the similar, question of whether a defendant who was absent without cause from the scheduled commencement of his trial might properly be tried in absentia. The court answered in the affirmative. In reaching its decision, the high court relied in substantial part on Rule 1117(a), supra no. 62 (W.D. Nov. 19,1992). This same rule applies in the instant case, albeit with respect to defendant’s voluntary absence from sentencing.
The Sullens court determined that the defendant was absent “without cause,” where he was aware of his scheduled trial date and later offered no valid excuse for failing to appear. The same is true in the instant case. This court set the date for defendant’s sentencing immediately upon his conviction. Defendant was aware of the scheduled sentencing date. The fact that he forcibly escaped from prison prior to his sentencing date was obviously intentional. Thus, defendant was absent from his sentencing without cause. For this reason, as in Sullens, defendant was properly sentenced in absentia.
Of course, an obvious distinction exists between Sullens and the instant case. The former case involved a defendant’s absence from trial; the present case involves defendant’s absence from sentencing. Furthermore, Rule 1117(a) provides that a defendant’s “absence without cause shall not preclude proceeding with the trial including the return of the verdict.” Id. This latter provision does not expressly refer to sentencing. Nevertheless, this court can conceive of no reason why Sullens and Rule 1117(a) would not apply to sentencing a convicted defendant in absentia, particularly given the Superior Court’s holding in Craddock.
For the foregoing reasons, the court’s judgment of sentence is hereby affirmed.

. 18 Pa.C.S. §3701(a)(l)(ii) and 18 Pa.C.S. §5104, respectively.

. Defendant was sentenced to from 10 to 20 years on the robbery count and a consecutive term of six months to two years on the resisting arrest charge.