J-S11014-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NATASHA ANN LUBENSKI | |
| Appellant | No. 450 WDA 2020 |

Appeal from the Judgment of Sentence Entered March 2, 2020
In the Court of Common Pleas of Erie County
Criminal Division at No.: CP-25-CR-0001843-2019

BEFORE:  STABILE, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY STABILE, J.:                    **FILED: JULY 27, 2021**

Appellant Natasha Ann Lubenski appeals from the March 2, 2020 judgment of sentence entered in the Court of Common Pleas of Erie County ("trial court"), following her guilty plea to possession of a controlled substance and two counts of possession of drug paraphernalia.[1]  Upon review, we affirm.

The facts and procedural history of this case are undisputed.[2]  Briefly, Appellant pled guilty to the foregoing crimes on November 1, 2019.  At the November 1 guilty plea hearing, the trial court remarked that it "would consider sentencing if you want to go to sentencing today."  N.T. Guilty Plea, 11/1/19 at 10.  Appellant's counsel rejected the court's offer, replying "[w]e

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(16) and (32).

[2] Unless otherwise specified, these facts come from the trial court's August 26, 2020 decision filed pursuant to Pa.R.A.P. 1925(a).

would defer, Your Honor." *Id.* Thereafter, the court informed Appellant on the record that sentencing would be held on December 17, 2019 at 9:00 a.m. *Id.*

On December 17, 2019, at the time of the scheduled hearing, Appellant's counsel made an oral motion for a continuance. Later that same day, counsel renewed the motion by filing a written continuance motion, alleging that Appellant "needed to undergo a medical procedure and would be unable to attend the scheduled sentencing hearing." Motion to Continue, 12/17/19, at ¶ 4. The trial court granted the motion, and rescheduled sentencing to January 16, 2020 at 9:00 a.m.

Appellant, however, failed to appear at the January 16 sentencing hearing. The hearing transcript reveals the following exchange:

[Appellant's counsel]: She is not here, Your Honor. This is the second scheduled sentencing hearing.

THE COURT: She knows where she is supposed to be and at what time. Any reason here?

[Appellant's counsel]: **She sent me a text message last night indicating that she was at the hospital, that's the second time she has used that excuse**. **This was the second scheduled hearing. I suspect she has a bench warrant out with adult probation and that is her reason for not showing today**.

THE COURT: Well, this is a sentencing. I'm not a big fan of sentencing somebody who is not present.

 . . . .

THE COURT: Well, why don't we just issue a warrant for her arrest and leave it at that for now.

N.T. Hearing, 1/16/20, at 2 (emphasis added). The trial court thereafter issued an order, rescheduling sentencing to March 2, 2020 at 9:00 a.m.; Appellant's counsel was served with the court's order.

Appellant failed to show up again for sentencing on March 2. Appellant's counsel reiterated to the trial court that Appellant did not appear for the previous sentencing hearings (December 17 and January 16) "because she had a warrant for probation" in another case. N.T. Sentencing, 3/2/20, at 2. Appellant's counsel stated that Appellant "is on the run." *Id.* at 3. The trial court ultimately sentenced Appellant *in absentia* to an aggregate sentence of 18 to 36 months' incarceration.

On March 4, 2020, Appellant filed post-sentence motions, challenging only the discretionary aspects of sentencing. On March 5, 2020, the trial court granted in part Appellant's post-sentence motion, finding her eligible for a recidivism risk reduction incentive ("RRRI") sentence. The motion was denied in all other respects. Appellant appealed. The trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. She complied, raising three assertions of error. In response, the trial court issued a Rule 1925(a) opinion, concluding that Appellant was not entitled to relief.

On appeal, Appellant presents a single issue for our review. She argues that the trial court "erred in sentencing [her] *in absentia* when she was not

absent without cause pursuant to Pa.R.Crim.P. 602[.]"[3]  Appellant's Brief at 5.  The crux of Appellant's argument is that "the Commonwealth failed to show by a preponderance of the evidence that Appellant was absent from her sentencing hearing without cause."  *Id.* at 9.  We disagree.

It is settled that a trial court has discretion to proceed to trial with a defendant *in absentia*.[4]  **Commonwealth v. Wilson**, 712 A.2d 735, 739 (Pa. 1998).

> The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge.  Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions.  Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.

**Commonwealth v. Clay**, 64 A.3d 1049, 1055 (Pa. 2013) (citation omitted).

---

[3] To the extent Appellant argues that her due process rights under the United States and Pennsylvania constitutions were violated when the trial court sentenced her *in absentia*, the argument is waived.  She did not assert this argument before the trial court and does so for the first time on appeal.  *See* **Commonwealth v. Melendez-Rodriguez**, 856 A.2d 1278, 1288 (Pa. Super. 2004) (*en banc*) (holding issues raised for first time in 1925(b) statement waived); **accord Commonwealth. v. Tejada**, 107 A.3d 788, 790 (Pa. Super. 2015); **see also** Pa.R.A.P. 302(a) (stating that a claim cannot be raised for the first time on appeal); Pa.R.A.P. 1925(b)(4)(vii) ("[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

[4] We employ the same analysis for absence at the sentencing phase as we do for absence at trial.  *See Commonwealth v. Craddock*, 535 A.2d 1189, 1191-92 (Pa. Super 1988), *aff'd*, 564 A.2d 151 (Pa. 1989).

Although a defendant has the right to be present at trial, the right is not absolute, and can be waived if the defendant either expressly or implicitly does so. *See Commonwealth v. Kelly*, 78 A.3d 1136, 1141 (Pa. Super. 2013), *appeal denied*, 91 A.3d 161 (Pa. 2014). Indeed, we explained that "absenting oneself from facing trial did not violate a person's jury trial rights." *Id.* (citation omitted). Moreover, Rule 602 of the Pennsylvania Rules of Criminal Procedure, titled "Presence of the Defendant," provides in relevant part:

(A) The defendant **shall be present at every stage of the trial including** the impaneling of the jury and the return of the verdict, and **at the imposition of sentence**, except as otherwise provided by this rule. The defendant's absence without cause at the time scheduled for the start of trial or during trial shall not preclude proceeding with the trial, including the return of the verdict and the imposition of sentence.

Pa.R.Crim.P. 602(A) (emphasis added). The Comment accompanying Rule 602 states:

This rule was amended in 2013 to clarify that, upon a finding that the absence was without cause, the trial judge may conduct the trial in the defendant's absence when the defendant fails to appear without cause at the time set for trial or during trial. The burden of proving that the defendant's absence is without cause is upon the Commonwealth by a preponderance of the evidence. *See Commonwealth v. Scarborough*, [] 421 A.2d 147 ([Pa.] 1980) (when a constitutional right is waived, the Commonwealth must show by a preponderance of the evidence that the waiver was voluntary, knowing and intelligent); *Commonwealth v. Tizer*, [] 684 A.2d 597 ([Pa. Super.] 1996). *See also Commonwealth v. Bond*, 693 A.2d 220, 223 (Pa. Super. 1997) ("[A] defendant who is unaware of the charges against him, unaware of the establishment of his trial date or is absent involuntarily is not absent 'without cause.'").

. . . .

> A defendant's presence may be deemed waived by the defendant intentionally failing to appear at any stage of the trial after proper notice. **See** [] **Wilson**, [] 712 A.2d 735 [] (a defendant, who fled courthouse after jury was impaneled and after subsequent plea negotiations failed, was deemed to have knowingly and voluntarily waived the right to be present); **Commonwealth v. Sullens**, [] 619 A.2d 1349 ([Pa.] 1992) (when a defendant is absent without cause at the time his or her trial is scheduled to begin, the defendant may be tried *in absentia*).

Pa.R.Crim.P. 602 *cmt.*

The Commonwealth bears the burden of proving by a preponderance of the evidence that a defendant was absent without cause. **See Kelly**, 78 A.3d at 1143. In determining whether cause exists, we generally examine whether a defendant was aware of the charges, the trial date, or was absent involuntarily. **Id**. Where a defendant voluntarily refuses to remain in contact with his counsel, there is a presumption that he "knowingly sought to avoid being tried." **Id**.

In **Wilson**, the defendant appeared at a suppression hearing, jury selection, and the morning of the first day of trial but before the jury was sworn. **Wilson**, 712 A.2d at 736. The defendant thereafter fled the courtroom. **Id.** The Commonwealth argued that it did nothing to force the defendant's flight, and the court held trial *in absentia*. **Id.** The defendant appealed the trial court's decision to have a trial without him. Our Supreme Court explained:

> Unless the defendant is prevented from attending the proceedings for reasons beyond his or her control, then the defendant is expected to be present at all stages of the trial. A defendant owes

the court an affirmative duty to advise it if he or she will be absent. If a defendant has a valid reason for failing to appear, for example, if he or she has a medical emergency or is called to leave because of a family emergency, then the defendant can alert the court personally or through counsel of the problem. When, however, the defendant leaves the trial abruptly, without an explanation to either his lawyer or the court, this may be regarded as an absence without cause.

*Wilson*, 712 A.2d at 738 (citation omitted). Based upon this reasoning, the Court eventually affirmed the trial court's decision to hold trial *in absentia*. *Id.* at 739.

Instantly, our review of the record reveals that the trial court did not abuse its discretion in sentencing Appellant *in absentia*. The trial court found:

Appellant waived her right to be present at sentencing. There is no dispute that Appellant had notice of the scheduled sentencing proceedings. At the guilty plea hearing, Appellant was informed sentencing was scheduled on December 17, 2019 at 9:00 a.m. and Appellant signed an acknowledgement of this fact. The order rescheduling the sentencing hearing to January 16, 2020 at 9:00 a.m. was served on Appellant's counsel. At least by the evening of January 15, 2020, Appellant had acknowledged to counsel her understanding sentencing was to occur on January 16, 2020. The order of January 17, 2020 rescheduling the hearing to March 2, 2020 at 9:00 a.m. was served on Appellant's counsel. Appellant knowingly, voluntarily, and without justification missed three scheduled sentencing hearings prior to the [trial c]ourt sentencing her *in absentia*. Appellant demonstrated repeated failures to attend multiple scheduled sentencing hearings of which she had prior notice. It was unlikely Appellant had any intention of appearing before the [c]ourt. Appellant's counsel acknowledged Appellant was "on the run." Appellant had notice of the hearings yet knowingly, voluntarily, and without justification failed to appear on three separate occasions. Under the circumstances, Appellant waived her right to be present at sentencing.

Trial Court Opinion, 8/26/20, at 4-5 (unnecessary capitalizations omitted). We agree with the trial court's reasoning and find that the trial court did not abuse its discretion in sentencing Appellant *in absentia*. The record supports the trial court's conclusion that Appellant absented herself voluntarily and thus waived her right to be present at sentencing.[5]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/27/2021

---

[5] Appellant's cursory reliance on **United States v. Tortora**, 464 F.2d 1202 (2d Cir. 1972), **cert. denied**, 409 U.S. 1063, 93 S.Ct. 554, 34 L.Ed.2d 516 (1972), to compel a different outcome is misplaced. Contrary to Appellant's stance, our Supreme Court did not adopt the **Tortora** test. **See Wilson**, 712 A.2d at 739 (stating that **even if we were to adopt** the **Tortora** test, [a]ppellant cannot demonstrate that the trial court, based on the **Tortora** factors, should have delayed the trial to await his return."). The **Tortora** factors include "the likelihood that the trial could soon take place with the defendant present; the difficulty of rescheduling, particularly in multiple-defendant trials; the burden on the Government in having to undertake two trials[.]" **Tortora**, 464 F.2d at 1210.