670 A.2d 678

**COMMONWEALTH of Pennsylvania**

v.

**Marco RODRIGUEZ, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 27, 1995.

Filed Jan. 18, 1996.

John W. Packel, Assistant Public Defender, Philadelphia, for appellant.

Kathy L. Echternach, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WIEAND, TAMILIA and OLSZEWSKI, JJ.

TAMILIA, Judge:

Marco Rodriguez appeals from the November 1, 1994 judgment of sentence imposing a term of imprisonment of four (4) to eight (8) years plus a $5,000 fine. Following a jury trial, appellant was convicted of possession of a controlled substance

62

with intent to deliver. Briefly stated, the facts of this case are as follows.

On September 1, 1994, appellant was convicted on the aforementioned charges. On November 1, 1994, as appellant was about to be sentenced, he fled the courtroom and was not apprehended until July 14, 1995. Despite appellant's absence, sentence was imposed. On November 30, 1994, a notice of appeal was filed on appellant's behalf alleging that the November 1, 1994 sentence was unconstitutional because it was imposed *in absentia.*

The decision of whether or not to entertain the appeal of a fugitive once returned to custody lies within our discretionary authority. *In Interest of J.J.*, 540 Pa. 274, 656 A.2d 1355 (1995); *In Interest of J.J.*, 447 Pa.Super. 259, 668 A.2d 1176 (1995). Since appellant became a fugitive prior to the filing of this appeal and had been captured prior to this adjudication, there is no connection between his fugitive status and the appellate process and we therefore decline to quash his appeal. However, because the sole issue raised by appellant on appeal is a direct result of his flight from the jurisdiction, we find the issue waived.

A leading principle pervading the entire law of criminal procedure is that, after indictment found, nothing shall be done in the absence of the prisoner. *Commonwealth v. Craddock,* 370 Pa.Super. 139, 535 A.2d 1189 (1988), *citing Lewis v. United States,* 146 U.S. 370, 372, 13 S.Ct. 136, 137, 36 L.Ed. 1011 (1892). However, the right to be present at a particular stage of litigation can be waived by one's words or actions. *Craddock, supra* at 144, 535 A.2d at 1192; *see also Illinois v. Allen,* 397 U.S. 337, 342, 90 S.Ct. 1057, 1060, 25 L.Ed.2d 353, 358 (1970) (defendant may lose constitutional right to be present at trial where his conduct is "so disorderly ... that his trial cannot be carried on with him in the courtroom"); and *Snyder v. Mass.,* 291 U.S. 97, 106, 54 S.Ct. 330, 332, 78 L.Ed. 674, 678, 90 A.L.R. 575 (1934) ("No doubt the privilege [of being present at trial] may be lost by consent or at times even by misconduct"). Instantly, it was appellant's voluntary deci-

sion to flee the courtroom which necessitated his sentencing *in absentia.* Thus, by his actions, appellant has waived the right to challenge his sentence on the basis that it was imposed in his absence.

Judgment of sentence affirmed.

OLSZEWSKI, Judge, concurring:

While I agree with the majority's disposition of this appeal, I write separately to note my continuing disagreement with the analysis relating to quashal of fugitive appeals. *See In the Interest of J.J.,* 447 Pa.Super. 259, 668 A.2d 1176 (Pa.Super.1995) (Olszewski, J., dissenting).