**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Jermaine BOND, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 15, 1997.
Filed April 23, 1997.

Scott Rudolph, Assistant Public Defender, Philadelphia, for appellant.

John Malloy, Assistant District Attorney, Philadelphia, for the Commonwealth, appellee.

Before DEL SOLE, POPOVICH and OLSZEWSKI, JJ.

POPOVICH, Judge:

This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County following appellant's conviction on the charges of carrying a firearm on a public street, possessing an instrument of crime, making terroristic threats, and recklessly endangering another person. Herein, appellant alleges that the trial court abused its discretion in denying his motion to suppress, conducting his trial, and sentencing him *in absentia.* We affirm.

On February 21, 1995, appellant and two co-conspirators robbed Dwayne McBurnette at gunpoint. Immediately following the robbery, Mr. McBurnette located a police officer and informed him that he had been robbed. Appellant was later apprehended and charged with various offenses related to the robbery. He was then released on bail. On January 23, 1996, at approximately 9:00 a.m., appellant appeared at the courthouse ready for trial. He informed the court crier that he was present and then took a seat next to the courtroom's doors. Shortly thereafter,

Mr. McBurnette entered the courtroom and took a seat opposite appellant. Appellant stared at Mr. McBurnette for a period of time and then abruptly left the courtroom. At approximately 9:25 a.m., the trial judge took the bench and called appellant's case for trial. Defense counsel informed the trial judge that appellant had left the courtroom and that counsel was unable to locate him. A bench warrant was issued for appellant's arrest. After contacting the area's hospitals and the morgue, the trial judge decided to proceed in appellant's absence. Therefore, despite appellant's absence, on January 23, 1996, the trial judge heard and denied appellant's motion to suppress Mr. McBurnette's identification of him. Jury selection then commenced on January 23, 1996, and was completed on January 24, 1996. On January 26, 1996, appellant's jury trial was held and the jury convicted him on all of the charges. Appellant was then immediately sentenced by the trial court. On February 13, 1996, an appeal was filed on appellant's behalf alleging that it was unconstitutional for the trial court to deny appellant's motion to suppress, to conduct his trial, and to sentence him *in absentia.* Appellant was not apprehended until "sometime after the filing of his notice of appeal." Appellant's Brief p. 13.[1] After being apprehended, appellant was incarcerated.

■ It is undisputed that appellant was a fugitive for a period of time during the pendency of this appeal. Accordingly, the Commonwealth argues that we should quash appellant's appeal due to his former fugitive status. The decision of whether to entertain the appeal of a fugitive once returned to custody lies within this Court's discretion, subject only to the requirements that the appellant's fugitive status must not affect our ability to dispose of the case and that any sanction must constitute a reasonable response to the flight. *In Interest of J.J.,* 540 Pa. 274, 656 A.2d 1355 (1995) (Zappala, J., plurality opinion).[2] *In Interest of J.J.,* 447

---

1. This Court has not been apprised of the circumstances surrounding appellant's return to custody. However, it appears that appellant did not return to custody voluntarily. Rather, he was apprehended by the police.

2. *In Interest of J.J.,* 447 Pa.Super. 259, 668 A.2d 1176 (1995), this Court adopted our supreme court's reasoning espoused in its plurality opinion.

Pa.Super. 259, 668 A.2d 1176, 1179 (1995), a panel of this Court enunciated the following factors which are to be used in determining whether an appellant should be sanctioned for his flight:

> (1) the stage of the proceedings when the flight occurred, i.e., during the trial, post-trial or on appeal; (2) the manner in which the defendant escaped; (3) whether the defendant has been returned to custody; (4) the circumstances surrounding the defendant's return to custody, i.e., was the return voluntary or was the defendant captured in the course of committing another crime; (5) the length of time that the defendant remained at large; (6) the age/maturity/condition of the defendant, i.e., whether he is a juvenile or adult and whether he is capable of comprehending fully the significance of his conduct; (7) the reasons for the defendant's flight ... and, the effect which the defendant's flight had upon the court's ability to engage in effective and meaningful review of the defendant's claims.

Upon consideration of these factors, we find that dismissal of the appeal is not warranted.

■ The record indicates that appellant was absent during his suppression hearing, trial, and sentencing. Moreover, when appellant's appeal to this Court was filed on his behalf, he remained at large and was not taken into custody until "sometime after the filing of his appeal" when he was apprehended by the police. Nevertheless, appellant was back in custody well before this Court received his appellate brief, heard his appellate argument and reviewed the merits of his appeal. "Nothing in the record indicates that appellant's flight has disrupted the appellate process. Nor has the period of flight substantially compromised this Court's ability to engage in effective and meaningful review of the question presented by appellant. The impact on the appellate process, if any, was minimal." *In Interest of J.J.*, 668 A.2d at 1179. Accordingly, we decline to quash this appeal. "However, because the sole issue raised by appellant on appeal is a direct result of his flight from the jurisdiction, we find that the issue is waived." *Commonwealth v. Rodriguez*, 448 Pa.Super. 60, 670 A.2d 678, 679 (1996).

■ "The Sixth Amendment to the United States Constitution, Article I, Section 9 of the Pennsylvania Constitution and Rule 1117(a) of the Pennsylvania Rules of Criminal Procedure guarantee the right of an accused to be present in court at every stage of a criminal trial." *Commonwealth v. Tizer*, 454 Pa.Super. 1, 684 A.2d 597, 604 (1996). However, in non-capital cases, this right may be waived either expressly or implicitly by a defendant's actions. *Commonwealth v. Sullens*, 533 Pa. 99, 619 A.2d 1349 (1992) (Flaherty, J., plurality opinion).[3] This principle is embodied in Pennsylvania's case law and in Rule 1117(a) which provides, in relevant part, that "[t]he defendant's absence without cause shall not preclude proceeding with the trial including the return of the verdict." Our supreme court has held that "when a defendant is absent 'without cause' at the time his trial is scheduled to begin, he may be tried *in absentia*, as Pa.R.Crim.P. 1117(a) contemplates." *Sullens*, 619 A.2d at 1352 (holding that it was proper for trial to commence where appellant failed to appear on the day his trial was scheduled to begin). Moreover, this Court has held that when a defendant leaves the courtroom voluntarily and without cause prior to sentencing he may be sentenced *in absentia*. *Rodriguez, supra*.[4] Our supreme court has indicated that a defendant who is unaware of the charges against him, unaware of the establishment of his trial date or is absent involuntarily is not absent "without cause." *Sullens, supra*.

■ Applying the aforementioned to the case *sub judice*, we find that the trial court did not abuse its discretion when it denied appellant's motion to suppress, conducted his trial and sentenced him *in absentia*. It is

---

3. We are not bound by our supreme court's plurality opinion. However, we find the reasoning in *Sullens* to be persuasive, and, accordingly, we will apply it to the facts of this case.

4. We note that appellant specifically argues that even if the trial court properly denied his motion to suppress and conducted his trial *in absentia* the court was not permitted to sentence him *in absentia*. In light of our holding in *Rodriguez*, we find this contention to be meritless.

clear that appellant was absent "without cause." Appellant concedes that he had notice of his trial date and that he was informed that he was required to appear for trial on that date. In addition, he concedes that he appeared for trial and that he voluntarily decided to flee the courtroom which necessitated his trial and sentencing *in absentia.*[5] Thus, by his actions, appellant has waived the right to challenge the proceedings and his sentence on the basis that it was imposed in his absence.

■ Appellant concedes that his waiver of the right to be present was voluntary and not coerced. However, he contends that his mere voluntary absence from his suppression hearing, trial, and sentencing cannot be construed as an effective waiver, that is, "an intentional relinquishment or abandonment of a known right or privilege," *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), unless it is demonstrated that he knew or had been warned expressly by the trial court that the proceedings would continue in his absence. Appellant also contends that since the Commonwealth did not meet this burden, his federal and state constitutional rights were violated.

This argument was rejected by the United States Supreme Court in *Taylor v. United States,* 414 U.S. 17, 94 S.Ct. 194, 38 L.Ed.2d 174 (1973). In *Taylor,* our Supreme Court held that it was unnecessary for the Commonwealth to prove that appellant knew or had been warned by the trial court that his right to be present would be waived if he voluntarily left the courtroom.[6] "The right at issue is the right to be present, and the question becomes whether that right was waived effectively by his voluntary absence." *Taylor,* 414 U.S. at 20, 94 S.Ct. at 196. The Supreme Court also stated that:

> [I]t is wholly incredible to suggest that a defendant, who was at liberty on bail, had attended the opening session of his trial, and had a duty to be present at the trial ... entertained any doubts about his right to be present at every stage of the trial. It seems equally incredible to us ... that a defendant who flees from a courtroom ... would not know that as a consequence the trial would continue in his absence. [Moreover], there can be no doubt that the governmental prerogative to proceed with a trial may not be defeated by conduct of the accused that prevents the trial from going forward.

*Taylor,* 414 U.S. at 20, 94 S.Ct. at 196 (citation omitted). Therefore, appellant's voluntary fugitive status acted as a knowing and understanding waiver of his right to be present. *Taylor, supra.*

■ As for appellant's state constitutional claim, we find that it has been waived.[7]

---

5. Appellant has failed to explain to this Court the reason for his sudden departure on January 23, 1996. It is appellant's burden to establish that his absence was "with cause." *Commonwealth v. Doleno,* 406 Pa.Super. 286, 594 A.2d 341 (1991).

6. We note that the defendant in *Taylor* left the courtroom during trial. We also note that in *Crosby v. U.S.,* 506 U.S. 255, 113 S.Ct. 748, 122 L.Ed.2d 25 (1993), our Supreme Court stated in *dicta* that a defendant who voluntarily leaves the courtroom during trial is more likely to have made a knowing decision than a defendant who never appears for trial. The Supreme Court then found that Federal Rule of Criminal Procedure 43 prohibits a federal trial court from conducting a defendant's trial *in absentia* where he never appeared for trial. However, the Supreme Court specifically declined to determine whether a defendant may knowingly waive his right to be present in other flight situations. Here, appellant appeared for trial, and was aware that the witnesses, lawyers, and the judge were present

and ready to proceed with his case. Nevertheless, appellant fled the courtroom before the proceedings could begin. We find the flight situation in this case more akin to the situation in *Taylor* where the defendant left in the midst of his trial than the situation in *Crosby* where the defendant never appeared for his scheduled trial. Accordingly, we find *Taylor* to be controlling, and we find that under federal law appellant knowingly and intelligently waived his right to be present.

7. We note that in *Commonwealth v. Tizer,* 454 Pa.Super. 1, 684 A.2d 597 (1996), the appellant argued that his federal and state constitutional rights were violated since he did not knowingly and intelligently waive his right to be present at trial. Without addressing whether the Commonwealth was required to prove that the appellant was informed of the possible consequences of his absence, we determined that prior to leaving the courtroom appellant was informed that the proceedings would continue in his absence. We find that *Tizer* is not dispositive of the case *sub*

Generally, in each case implicating a provision of the Pennsylvania Constitution, litigants are required to brief and analyze at least the following four factors: (1) text of the Pennsylvania constitutional provision; (2) history of the provision, including Pennsylvania case law; (3) related case law from other states; and, (4) policy considerations, including unique issues of state and local concern, and applicability within modern Pennsylvania jurisprudence. *Commonwealth v. Edmunds*, 526 Pa. 374, 586 A.2d 887, 895 (1991).

Where an appellant has not complied with the requirements set forth in *Edmunds* and has made no effort to explain how the Pennsylvania Constitution differs from the protection afforded by the United States Constitution, this Court has declined to consider a state analysis.

*In Interest of F.B.*, 442 Pa.Super. 216, 658 A.2d 1378, 1383 (1995) (citations omitted).

█ Here, although appellant argues that his rights under both the United States and Pennsylvania Constitutions have been violated, he has neither complied with *Edmunds*, nor explained how the Pennsylvania Constitution differs from the protection afforded by the United States Constitution. Instead, appellant merely "clumps" his constitutional arguments together and expects this Court to create a state constitutional argument on his behalf. This we decline to do.[8]

Based on the foregoing, we conclude that the trial court did not abuse its discretion in denying appellant's motion to suppress, conducting his trial, and sentencing him *in ab-*

*sentia*. Accordingly, we affirm the judgement of sentence.

Affirmed.

OLSZEWSKI, J., files a concurring opinion.

OLSZEWSKI, Judge, concurring:

The appeal of a returned fugitive may be quashed for two reasons: "because the escape disrupts the appellate process, or constitutes an affront to the appellate court's dignity." *In Interest of J.J.*, 447 Pa.Super. 259, 270, 668 A.2d 1176, 1181 (1995) (Olszewski, J., dissenting). *See also Commonwealth v. Rodriguez*, 448 Pa.Super. 60, 670 A.2d 678 (1996) (Olszewski, J., concurring). While I agree with the majority that appellant's flight has not disrupted the appellate process, I believe that quashal of this appeal remains the appropriate disposition as a result of the latter of the aforementioned bases.

Given that appellant voluntarily fled the courthouse on the day of trial following the arrival of the complaining witness, I find his appeal, which solely challenges the trial court proceedings on the basis that they were conducted in his absence, to be an affront to this Court's dignity. *See In Interest of J.J.*, 447 Pa.Super. at 271–73, 668 A.2d at 1182 (One important factor relating to the safeguarding of the dignity of the courts is the claim sought to be raised on appeal). Accordingly, I would decline to entertain this appeal.

---

*judice*. As stated previously, in *Tizer*, we never determined whether the Commonwealth was required to prove that appellant knew or was informed of the possible consequences of his absence. Rather, having found that the trial court specifically informed him of the consequences, we found it unnecessary to address the issue.

8. In *Commonwealth v. Swinehart*, 541 Pa. 500, 664 A.2d 957, 961 n. 6 (1995), our supreme court indicated that the failure of an appellant to present his state constitutional argument in the form set forth in *Edmunds* does not constitute a fatal defect. However, in this case, aside from a brief footnote citing an inapplicable case relating to

the waiver of *Miranda* warnings, appellant has developed no argument concerning the difference between the protections under the United States and Pennsylvania Constitutions. It should be noted that appellant did not cite or refer to the United States Supreme Court's decision in *Taylor*, nor did he attempt to distinguish the protections under the Sixth Amendment from the protections in Article I, Section 9 of the Pennsylvania Constitution. In addition, as requested by *Edmunds*, appellant did not provide us with the text of the Pennsylvania constitutional provision, the history of the provision or any policy considerations. Accordingly, we will not address his state constitutional claim.