RULE 540.  PRELIMINARY ARRAIGNMENT.

(A)  In the discretion of the issuing authority, the preliminary arraignment of the defendant may be conducted by using two-way simultaneous audio-visual communication.  When counsel for the defendant is present, the defendant must be permitted to communicate fully and confidentially with defense counsel immediately prior to and during the preliminary arraignment.

(B)  If the defendant is under the age of 18 at the time the complaint is filed and is charged with one of the offenses excluded from the definition of "delinquent act" in paragraphs (2)(i), (2)(ii), and (2)(iii) of 42 Pa.C.S. § 6302, the issuing authority shall determine whether the defendant's parents, guardian, or other custodian have been notified of the charge(s).  If the parents, guardian, or other custodian have not been notified, the issuing authority shall notify them.

(C)  At the preliminary arraignment, a copy of the complaint accepted for filing pursuant to Rule 508 shall be given to the defendant.

(D)  If the defendant was arrested with a warrant, the issuing authority shall provide the defendant with copies of the warrant and supporting affidavit(s) at the preliminary arraignment, unless the warrant and affidavit(s) are not available at that time, in which event the defendant shall be given copies no later than the first business day after the preliminary arraignment.

(E)  If the defendant was arrested without a warrant pursuant to Rule 519, unless the issuing authority makes a determination of probable cause, the defendant shall not be detained.

(F)  The issuing authority shall not question the defendant about the offense(s) charged but shall read the complaint to the defendant.  The issuing authority also shall inform the defendant:

   (1)  of the right to secure counsel of choice and the right to assigned counsel in accordance with Rule 122;

   (2)  of the right to have a preliminary hearing, except in cases being presented to an indicting grand jury pursuant to Rule 556.2; and

   (3)  if the offense is bailable, the type of release on bail, as provided in Chapter 5 Part C of these rules, and the conditions of the bail bond.

(G)  Unless the preliminary hearing is waived by a defendant who is represented by counsel, or the attorney for the Commonwealth is presenting the case to an indicting grand jury pursuant to Rule 556.2, the issuing authority shall:

   (1)  fix a day and hour for a preliminary hearing which shall not

be later than 14 days after the preliminary arraignment if the defendant is in custody **on the current case only** and no later than 21 days if **the defendant is** not in custody **or is in custody but not on the current case only** unless**[:**

**(a)]** extended for cause shown; **[or**

**(b)  the issuing authority fixes an earlier date upon request of the defendant or defense counsel with the consent of the complainant and the attorney for the Commonwealth;]** and

(2)  give the defendant notice, orally and in writing,

(a)  of the date, time, and place of the preliminary hearing,

(b)  that failure to appear without cause for the preliminary hearing will be deemed a waiver by the defendant of the right to be present at any further proceedings before the issuing authority, and will result in the case proceeding in the defendant's absence and in the issuance of a warrant of arrest, and

(c) if the case is held for court at the time of the preliminary hearing that if the defendant fails to appear without cause at any proceeding for which the defendant's presence is required, including the trial, the defendant's absence may be deemed a waiver of the right to be present, and the proceeding may be conducted in the defendant's absence.

(H)  After the preliminary arraignment, if the defendant is detained, the defendant shall be given an immediate and reasonable opportunity to post bail, secure counsel, and notify others of the arrest.  Thereafter, if the defendant does not post bail, he or she shall be committed to jail as provided by law.

(I)  If a monetary condition of bail is set, the issuing authority shall accept payment of the monetary condition, as provided in Rule 528, at any time prior to the return of the docket transcript to the court of common pleas.

COMMENT:  A preliminary arraignment as provided in this rule bears no relationship to arraignment in criminal courts of record.  *See* Rule 571.

Within the meaning of Rule 540, counsel is present when physically with the defendant or with the issuing authority.

Under paragraph (A), the issuing authority has discretion to order that a defendant appear in person for the preliminary arraignment.

2

Under paragraph (A), two-way simultaneous audio-visual communication is a form of advanced communication technology.

*See* Rule 130 concerning *venue* when proceedings are conducted using advanced communication technology.

Paragraph (D) requires that the defendant receive copies of the arrest warrant and the supporting affidavit(s) at the time of the preliminary arraignment.  *See also* Rules 513(A), 208(A), and 1003.  *See* Rule 513.1(F) concerning a defendant's access to arrest warrant information that has been sealed.

Paragraph (D) includes a narrow exception that permits the issuing authority to provide copies of the arrest warrant and supporting affidavit(s) on the first business day after the preliminary arraignment.  This exception applies only when copies of the arrest warrant and affidavit(s) are not available at the time the issuing authority conducts the preliminary arraignment, and is intended to address purely practical situations such as the unavailability of a copier at the time of the preliminary arraignment.

For public access to arrest warrant information, *see* Rules 513, 513.1, and *Commonwealth v. Fenstermaker*, **[515 Pa. 501,]** 530 A.2d 414 (**Pa.** 1987).

When a defendant has not been promptly released from custody after a warrantless arrest, the defendant must be afforded a preliminary arraignment by the proper issuing authority without unnecessary delay.  *See* Rule 519(A).

Under paragraph (E), if a defendant has been arrested without a warrant, the issuing authority must make a prompt determination of probable cause before a defendant may be detained.  *See Riverside v. McLaughlin*, 500 U.S. 44 (1991).  The determination may be based on written affidavits, an oral statement under oath, or both.

Pursuant to the 2004 amendment to paragraph (G)(2), at the time of the preliminary arraignment, the defendant must be given notice, both orally and in writing, of the date, time, and place of the preliminary hearing.  The notice must also explain that, if the defendant fails to appear without cause for the preliminary hearing, the defendant's absence will

constitute a waiver of the right to be present, the case will proceed in the defendant's absence, and a warrant for the defendant's arrest will be issued.

The 2012 amendment to paragraph (G) conforms this rule with the new procedures set forth in Chapter 5, Part E, permitting the attorney for the Commonwealth to proceed to an indicting grand jury without a preliminary hearing in cases in which witness intimidation has occurred, is occurring, or is likely to occur.

Paragraph (G)(2)(b) was amended in 2013 changing the phrase "without good cause" to "without cause" in reference to whether the defendant's absence at the time of the preliminary hearing permits the preliminary hearing to proceed in the defendant's absence. This amendment is not intended as a change in the standard for making this determination. The change makes the language consistent with the language in Rule 602 describing the standard by which a defendant's absence is judged for the trial to proceed in the defendant's absence. In both situations, the standard is the same.

Paragraph (G)(2)(c) requires that the defendant be advised of the consequences of failing to appear for any court proceeding. *See* Rule 602 concerning a defendant's failure to appear for trial; see also *Commonwealth v. Bond*, 693 A.2d 220, 223 (Pa. Super. 1997) ("[A] defendant who is unaware of the charges against him, unaware of the establishment of his trial date or is absent involuntarily is not absent 'without cause.'").

**There have been some judicial districts in which the practice has been to set a date for the preliminary hearing within the time limits of this rule with no intention of a preliminary hearing actually taking place on that date; instead, the preliminary hearing is automatically continued by the court. This practice is inconsistent with the intent of the rule.**

Nothing in these rules gives the defendant's parents, guardian, or other custodian legal standing in the matter being heard by the court or creates a right of the defendant to have his or her parents, guardian, or other custodian present.

4

*See* Rule 1003(D) for the procedures governing preliminary arraignments in the Philadelphia Municipal Court.

*See* Chapter 5, Part H, Rules 595, 596, 597, and 598, for the procedures governing requests for transfer from criminal proceedings to juvenile proceedings pursuant to 42 Pa.C.S. § 6322 in cases in which the defendant was under the age of 18 at the time of the commission of the alleged offense and charged with one of the offenses excluded from the definition of "delinquent act" in paragraphs (2)(i), (2)(ii), and (2)(iii) of 42 Pa.C.S. § 6302.

NOTE:  Original Rule 119 adopted June 30, 1964, effective January 1, 1965; suspended January 31, 1970, effective May 1, 1970.  New Rule 119 adopted January 31, 1970, effective May 1, 1970; renumbered Rule 140 September 18, 1973, effective January 1, 1974; amended April 26, 1979, effective July 1, 1979; amended January 28, 1983, effective July 1, 1983; rescinded August 9, 1994, effective January 1, 1995.  New Rule 140 adopted August 9, 1994, effective January 1, 1995; amended September 13, 1995, effective January 1, 1996.  The January 1, 1996 effective date extended to April 1, 1996; the April 1, 1996 effective date extended to July 1, 1996; renumbered Rule 540 and amended March 1, 2000, effective April 1, 2001; amended May 10, 2002, effective September 1, 2002; amended August 24, 2004, effective August 1, 2005; amended June 21, 2012, effective in 180 days; amended July 31, 2012, effective November 1, 2012; amended May 2, 2013, effective June 1, 2013; *Comment* revised December 23, 2013, effective March 1, 2014 **[.] ; amended  November 30, 2016, effective April 1, 2017.**

*  *  *  *  *  *

*COMMITTEE EXPLANATORY* *REPORTS*:

*Report* **explaining the provisions of the new Rule 140 published at 22**

*Pa.B.* 6 (January 4, 1992). *Final Report* published with the Court's Order at 24 Pa.B. 4342 (August 27, 1994).

*Final Report* explaining the September 13, 1995 amendments published with the Court's Order at 25 Pa.B. 4116 (September 30, 1995).

*Final Report* explaining the March 1, 2000 reorganization and renumbering of the rules published with the Court's Order at 30 Pa.B. 1478 (March 18, 2000).

*Final Report* explaining the May 10, 2002 amendments concerning advanced communication technology published with the Court's Order at 32 Pa.B. 2591 (May 25, 2002).

*Final Report* explaining the August 24, 2004 amendments concerning notice that the case will proceed in defendant's absence published with the Court's Order at 34 Pa.B. 5016 (September 11, 2004).

*Final Report* explaining the June 21, 2012 amendments concerning indicting grand juries published with the Court's Order at 42 Pa.B. 4140 (July 7, 2012).

*Final Report* explaining July 31, 2012 amendments concerning defendants under the age of 18 and charged with one of the offenses enumerated in 42 Pa.C.S. § 6302(2)(i), (ii), or (iii) published with the Court's Order at 42 Pa.B. 5340 (August 18, 2012).

*Final Report* explaining the May 2, 2013 amendments concerning notice of consequences of failing to appear published the Court's Order at 43 Pa.B. 2704 (May 18, 2013).

*Final Report* explaining the December 23, 2013 *Comment* revisions concerning sealed arrest warrant information published with the Court's Order at 44 Pa.B. 239 (January 11, 2014).

*Final Report explaining the _____ amendments concerning the scheduling of the preliminary hearing published with the Court's Order at 46 Pa.B. ( _____, 2016).*