J-S36011-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM PERCHA | : | |
| | : | |
| Appellant | : | No. 215 WDA 2020 |

Appeal from the Judgment of Sentence Entered January 14, 2020
In the Court of Common Pleas of Fayette County Criminal Division at
No(s):  CP-26-CR-0001478-2016

BEFORE:   OLSON, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY OLSON, J.:                    FILED AUGUST 26, 2020

Appellant, William Percha, appeals from the judgment of sentence

entered on January 14, 2020.  We affirm.

The trial court ably summarized the underlying facts of this case:

[The Commonwealth charged Appellant with aggravated
assault, simple assault, and recklessly endangering another
person ("REAP").[1]  Trial was scheduled for July 10, 2018.]

[O]n July 10, 2018, [Appellant] failed to appear for trial and
a bench warrant was issued for his apprehension.
Subsequently, [Appellant] was apprehended and, on
December 20, 2018, he was ordered to appear for the
January 2019 criminal court session[,] which began on
January 7, 2019.  When [Appellant] failed to appear as
ordered during the January 2019 criminal court session, on
January 8, 2019, another bench warrant was issued for his
arrest.  After he was again apprehended, on May 17, 2019,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2702(a)(3), 2701(a)(1), and 2705, respectively.

the bench warrant was lifted and [Appellant] was ordered to appear for his criminal jury trial which was to be held on June 3, 2019.

On June 3, 2019, once again, [Appellant] failed to appear as ordered for trial and the Commonwealth called the case for trial in the absence of [Appellant]. At that time, and on the record, the Commonwealth stated the history of [Appellant] failing to appear for trial, as well as him being present on May 17, 2019, and being told by the Court that he was to appear for trial on June 3, 2019. Further, the Commonwealth stated that its witnesses were either present or about to appear. Counsel for [Appellant] then asked for a continuance without offering any explanation for [Appellant's] absence. That motion was denied by th[e trial] court . . . and, thereafter, trial was held. . . .

[The jury found Appellant guilty of all charges and Appellant] was ordered to appear for sentencing on June 11, 2019. Once again [Appellant] failed to appear and another bench warrant was issued for his arrest. After [Appellant] was apprehended in January[] 2020, he was sentenced[, on January 14, 2020, to serve an aggregate term of two to four years in prison for his convictions].

. . .

[During the trial,] the Commonwealth presented the testimony of William Myers, the victim in this matter, who, at the time of trial, was a retired corrections officer, having [recently] retired from [State Correctional Institution ("SCI") Fayette].

Officer Myers testified that[,] on January 28, 2016, he was [working as a corrections officer at SCI Fayette] and came into contact with [Appellant] who, at that time, was an inmate at the facility. Since [Appellant] did not have a valid pass to be in the area where he was at th[e] time, Officer Myers told [Appellant] he would have to return to his block. When [Appellant] refused, Officer Myers informed him he was taking him into custody. As the officer reached for his handcuffs, [Appellant] swung and hit [Officer Myers] in his left temple. [Appellant] then grabbed the officer's radio and struck the officer with it and they fell to the ground.

On the ground, [Appellant] continued to strike the officer with the radio. Among [the] injuries sustained by Officer Myers was an injury to his MCL, causing him to be off work for over a month.

In addition to the testimony of Officer Myers, the Commonwealth provided the testimony of Sergeant Norio Angelo and Officer William Solomon, both of whom serve at SCI Fayette. [Sergeant] Angelo testified that[,] on the day [of the assault], he received a Signal 13 on his radio indicating a staff assault. He responded to the scene of the incident within 20 to 30 seconds and observed [Appellant] on top of Officer Myers and striking him with the radio. . . .

Officer Solomon testified that[,] on the day [of the assault], he also received a Signal 13 indicating that an officer was in distress or under attack and responded. At the scene of the incident, he observed several officers and a combative inmate, [who was Appellant]. He also observed Officer Myers get out from underneath [Appellant].

Trial Court Opinion, 3/25/20, at 2-7 (citations and some capitalization omitted).

As noted above, the jury found Appellant guilty of aggravated assault, simple assault, and REAP and the trial court sentenced Appellant to serve an aggregate term of two to four years in prison. Appellant filed a timely notice of appeal and now raises the following claims to this Court:

[1.] Did the trial court abuse its discretion by holding the trial in this matter without the defendant present?

[2.] Did the Commonwealth fail to present sufficient evidence to prove beyond a reasonable doubt that Appellant intentionally caused bodily injury to an officer, agent, or employee, or other enumerated person?

Appellant's Brief at 7 (some capitalization omitted).

First, Appellant claims that the trial court erred when it tried him in absentia.

"A person accused of a crime has a constitutional right pursuant to the Sixth Amendment of the United States Constitution and Article 1, § 9 of the Pennsylvania Constitution to be present at every stage of a criminal trial." Commonwealth v. Wilson, 712 A.2d 735, 737 (Pa. 1998). "In non-capital cases, a defendant may, by his actions, waive this right expressly or implicitly. The waiver must be knowing and voluntary." Id.

The above precepts are codified in Pennsylvania Rule of Criminal Procedure 602. In relevant part, Rule 602 states:

> The defendant shall be present at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule. The defendant's absence without cause at the time scheduled for the start of trial or during trial shall not preclude proceeding with the trial, including the return of the verdict and the imposition of sentence.

Pa.R.Crim.P. 602(a).

The Comment to Rule 602 provides:

> upon a finding that the [defendant's] absence was without cause, the trial judge may conduct the trial in the defendant's absence when the defendant fails to appear without cause at the time set for trial or during trial. The burden of proving that the defendant's absence is without cause is upon the Commonwealth by a preponderance of the evidence. See Commonwealth v. Scarborough, 421 A.2d 147 (Pa. 1980) (when a constitutional right is waived, the Commonwealth must show by a preponderance of the evidence that the waiver was voluntary, knowing and intelligent); Commonwealth v. Tizer, 684 A.2d 597 (Pa. Super. 1996)[;

see also] Commonwealth v. Bond, 693 A.2d 220, 223 (Pa. Super. 1997) ("[A] defendant who is unaware of the charges against him, unaware of the establishment of his trial date or is absent involuntarily is not absent 'without cause.'").

. . .

A defendant's presence may be deemed waived by the defendant intentionally failing to appear at any stage of the trial after proper notice. See Commonwealth v. Wilson, 712 A.2d 735 (Pa. 1998) (a defendant, who fled courthouse after jury was impaneled and after subsequent plea negotiations failed, was deemed to have knowingly and voluntarily waived the right to be present); Commonwealth v. Sullens, 619 A.2d 1349 (Pa. 1992) (when a defendant is absent without cause at the time his or her trial is scheduled to begin, the defendant may be tried in absentia).

Pa.R.Crim.P. 602 cmt.

On appeal, Appellant claims that the Commonwealth did not prove, by a preponderance of the evidence, that he was absent from trial without cause. Appellant's Brief at 13. In support of this claim, Appellant baldly contends that he "never received notice of his trial date" and he "was unaware of the charges against him." Appellant's Brief at 12-14. Appellant's claim fails.

The record reflects that, prior to Appellant's June 3, 2019 trial, Appellant twice failed to appear for his scheduled trial and, as a result, Appellant was twice apprehended on bench warrants. See Trial Court Order, 7/18/18, at 1 (directing the clerk of courts to issue a bench warrant for Appellant's arrest, as Appellant failed to appear for his scheduled trial); Trial Court Order, 12/20/18, at 1 (lifting the bench warrant, reinstating Appellant's bond, and ordering Appellant to appear for trial on January 7, 2019); Trial Court Order, dated 1/8/19, at 1 (directing the clerk of courts to issue a bench

warrant for Appellant's arrest, as Appellant failed to appear for his scheduled trial); Trial Court Order, 5/17/19, at 1 (lifting the bench warrant, reinstating Appellant's bond, and ordering Appellant to appear for trial on June 3, 2019). Further, in its May 17, 2019 order, the trial court specifically directed Appellant to "report for criminal jury trial on June 3, 2019." Trial Court Order, 5/17/19, at 1.

We additionally note that when Appellant failed to appear for his June 3, 2019 jury trial, the trial court questioned both the Commonwealth and Appellant's counsel regarding Appellant's failure to appear. See N.T. Trial, 6/3/19, at 1-4. The Commonwealth informed the trial court that Appellant was present during the May 17, 2019 proceeding, where the trial court lifted the bench warrant and ordered Appellant to appear for trial on June 3, 2019. Id. at 4. Moreover, Appellant's counsel provided no explanation for Appellant's failure to appear for trial. See id. Indeed, Appellant has never provided any explanation for his absence, other than to make the baseless claims that he "never received notice of his trial date" and he "was unaware of the charges against him." Appellant's Brief at 12-14.

Based upon these facts, it is clear that the Commonwealth proved, by a preponderance of the evidence, that Appellant had actual notice of charges against him, that Appellant had actual notice of his June 3, 2019 trial, and that Appellant "willfully decided to absent himself without cause or justification." See Sullens, 619 A.2d at 1353. To be sure, Appellant was twice apprehended for failure to appear for trial, twice released from the bench

warrant, and, at the May 17, 2019 proceeding – during which Appellant was present – the trial court specifically ordered Appellant to appear for trial on June 3, 2019. Trial Court Order, 5/17/19, at 1; N.T. Trial, 6/3/19, at 1-4. Thus, Appellant's bald claim that he "never received notice of his trial date" and he "was unaware of the charges against him" is frivolous.

Next, Appellant claims that the evidence is insufficient to support his aggravated assault conviction.[2] We review Appellant's sufficiency of the evidence challenge under the following standard:

_____

[2] Appellant was convicted of aggravated assault under 18 Pa.C.S.A. § 2702(a)(3). In relevant part, this type of aggravated assault is defined as follows:

> (a) Offense defined.--A person is guilty of aggravated assault if he:
>
> . . .
>
> (3) attempts to cause or intentionally or knowingly causes bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c), in the performance of duty;
>
> . . .
>
> (c) Officers, employees, etc., enumerated.--The officers, agents, employees and other persons referred to in subsection (a) shall be as follows:
>
> . . .
>
> (9) Officer or employee of a correctional institution, county jail or prison . . .

18 Pa.C.S.A. § 2702.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for [that of] the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

Commonwealth v. Vargas, 108 A.3d 858, 867-868 (Pa. Super. 2014) (en banc), quoting Commonwealth v. Brown, 23 A.3d 544, 559–560 (Pa. Super. 2011) (en banc).

According to Appellant, the evidence is insufficient to support his aggravated assault conviction because "it is entirely possible that this was a case of mutual combat where[] both Appellant and the prison guard each decided to fight on their own accord, and not merely an attack upon the prison guard." Appellant's Brief at 16. This claim fails.

Officer Myers – the victim in this case – testified that, immediately before the attack, he saw Appellant in an unauthorized area of the prison. N.T. Trial, 6/3/19, at 35-36. Officer Myers testified that he confirmed Appellant did not have a valid pass to be in the area and he thus ordered

Appellant to return to his cell block. Id. at 38. Appellant, however, refused the order. Id. Officer Myers testified:

> Well I told him several times that he would have to go back to his block. Each time he refused so then I told him that since he refused, I was taking him into custody. I told him to turn around, put his hands behind his back. He started to turn. I reached back for my cuffs and at that time, that's when he swung around [and] hit me . . . [in my] left temple.
>
> . . .
>
> After he hit me the first time, . . . I struck him back. . . . [Appellant then] grabbed my radio and struck me with it. . . . I grabbed his jacket. And when I went down, I pulled him down on top of me. And he continued to strike me and I just hung on because I knew other [corrections officers] were coming.

Id. at 38-39.

The above evidence demonstrates that Appellant was in an unauthorized area of the prison, refused to comply with a valid order from Officer Myers, and then, when Officer Myers was attempting to place Appellant into custody for violating prison regulations, Appellant punched Officer Myers in his left temple. There is simply no evidence that "this was a case of mutual combat where[] both Appellant and the prison guard each decided to fight on their own accord." Appellant's Brief at 16. Rather, viewing the evidence in the light most favorable to the Commonwealth, the evidence demonstrates that Appellant was the aggressor in this case. Appellant's claim on appeal thus fails.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/26/2020