J-S38034-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
    :       PENNSYLVANIA
  :
        v.                :
  :
  :
KHARIM KILGORE              :
  :
        Appellant        :     No. 1387 EDA 2025

Appeal from the Judgment of Sentence Entered April 28, 2025
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0002538-2022

BEFORE:  McLAUGHLIN, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:        **FILED JANUARY 8, 2026**

Appellant, Kharim Kilgore, appeals from the judgment of sentence of 6 to 12 months' incarceration, followed by 1 year probation, imposed after a jury convicted him, *in absentia*, of retail theft (18 Pa.C.S. § 3929(a)(1)), receiving stolen property (18 Pa.C.S. § 3925(a)), possession of a controlled substance (35 P.S. § 780-113(a)(16)), and possession of drug paraphernalia (35 P.S. § 780-113(a)(32)).  After careful review, we affirm.

The trial court set forth a detailed summary of the facts of Appellant's case, which we need not reiterate herein.  **See** Trial Court Opinion (TCO), 7/10/25, at 1-3.  We only note that Appellant's convictions stemmed from evidence that he "entered a Home Depot hardware store, loaded a flat-bed cart with flooring, and passed all points of sale without making a payment on the merchandise."  **Id.** at 1 (citation to the record and quotation marks omitted).  On August 13, 2024, Appellant's jury trial commenced.  At the start

thereof, the following exchange between the trial court, Appellant's attorney, Kenneth B. Hone, Esq., and the prosecutor, Alexandria Baland, Esq., occurred:

THE COURT: All right. [Attorney] Hone, good morning.

[ATTORNEY] HONE: Good morning, Your Honor.

My client, as far as I know, was briefly present but is no longer with us. I -- he was supposed to be calling his other attorney regarding a matter for me. I saw him on the phone, I then saw him hit the stairs, I then went after him down the stairs and can't find him.

[ATTORNEY] BALAND: Your Honor, the Commonwealth would request a bench warrant for this individual.

The Commonwealth is ready to proceed. This is the --- I'm not sure of the exact number of times this matter has been scheduled for trial, but we have been ready at every single listing.

It's my understanding that he was seen before Judge Gilman on June 3rd following a bench warrant hearing and was -- the bench warrant was rescinded. If Your Honor is inclined to issue a bench warrant due to his failure to appear[,] or appearing and then leaving, we would ask that Your Honor order that he be held at the next bench warrant hearing.

THE COURT: All right.

[ATTORNEY] BALAND: I believe it's due to the fact that he has two violations of --

THE COURT: Well, what's the Commonwealth's position on trying him *in absentia*? Since we know that he knew he had court today because he was here and appeared and then apparently left.

[ATTORNEY] BALAND: Your Honor, the Commonwealth would be ready to proceed.

[ATTORNEY] HONE: Your Honor, I would ask that we not [proceed *in absentia*]. … [During t]he brief moments I did have with him [today] it was [clear that it was] his intention, if it was a trial, [that] he would be testifying, and he cannot do that if he's not here.

THE COURT: Okay, but he chose to not be here. I mean he was here, we're ready, we would have given you whatever opportunity you needed to consult with him, and he certainly could have testified.

So let's get the panel in, let's pick a jury. If you can find him, if you can call him or if he comes back, of course then we would proceed with him.

[ATTORNEY] HONE: Could I have at least until 11:00 to see if I can walk around to find him before they bring the panel in?

THE COURT: No. No. I'm not giving him --- it would take 20 minutes to get the panel up and get seated. You can certainly do that until the panel comes up here.

We'll take a recess.

(Whereupon, a recess was taken.)

N.T. Trial, 8/13/24, at 4-7.

After the recess, the Commonwealth indicated that it planned to present "testimony regarding [Appellant's] arrival and departure this morning to allow for his trial to be held in his absence." *Id.* at 7. The Commonwealth then called Jackie Thomson to the stand. *Id.* Ms. Thomson was the loss prevention officer at Home Depot who confronted Appellant as he was stealing items from the store. *Id.* at 32, 41. Ms. Thomson testified that on the morning of the trial, she saw Appellant as he "went into the courtroom, [then] was in the hallway, and then … left." *Id.* at 9. When asked if she saw Appellant speaking to anyone, she indicated that she observed Appellant talking to his attorney. *Id.* Appellant then "left the area, the floor." *Id.*

After Ms. Thomson's testimony, the following exchange between the parties and court occurred:

[ATTORNEY] BALAND: Your Honor, I do believe that [Attorney] Hone can testify, I don't believe a privilege attaches to the conversations pertaining to today's scheduling or that [Appellant] was aware of today's proceedings if the [c]ourt would like to inquire regarding those facts.  Obviously not pertaining to the substantive portion of their conversation.

THE COURT: Well, I'm not going to require [Attorney] Hone to testify, although I would assume, knowing [Attorney] Hone for a long time as I have, that if, in fact, [Appellant] had stated a valid reason to leave, [Attorney] Hone would be certainly telling us that and would have told us that by this point.  So my assumption is if he does not testify[,] he has no information favorable to his client in that regard.  Okay?

[ATTORNEY] BALAND: Okay, Your Honor.

THE COURT: All right.  Anything you wish to present, [Attorney] Hone?

[ATTORNEY] HONE: Your Honor, all I would say is I have no information on where he is at the current time.  I do not see him.

THE COURT: And I would say I don't believe that you did or had any part in him leaving.  I don't.

So, therefore, I will issue a warrant for the arrest of [Appellant]. I find that he has left with no stated purpose and no valid purpose, and it is the [c]ourt's intention to try him *in absentia*.  We have a jury panel assembled, and we would go and choose a jury and then begin the trial.  Certainly if [Appellant] appears between now and the start of the trial[,] or at any point during the trial[,] he can participate in that trial.

*Id.* at 10-11.

The trial then proceeded without Appellant in attendance.  At the close thereof, the jury convicted him of the above-stated offenses.  Appellant's sentencing was deferred, given his absence.  "Around six (6) months later, on February 24, 2025, Appellant appeared for a bench warrant hearing, and he

- 4 -

received a sentencing date." TCO at 4. On April 28, 2025, the court sentenced him to the aggregate term set forth *supra*.

Appellant filed a timely notice of appeal, and both he and the court have complied with Pa.R.A.P. 1925. Herein, he states one issue for our review: "Did the trial court err in allowing Appellant to be tried *in absentia*?" Appellant's Brief at 7 (unnecessary capitalization and bold emphasis omitted).

To begin, we note that whether a defendant has been denied their right to be present at trial is a question of law for which our standard of review is *de novo* and our scope of review is plenary. **See Commonwealth v. Tejada**, 161 A.3d 313, 317 (Pa. Super. 2017). Additionally, this Court recently summarized:

> "Article I, § 9 of the Pennsylvania Constitution and Pennsylvania Rule of Criminal Procedure 602 guarantee the right of an accused to be present in the courtroom at every stage of a criminal trial." **Commonwealth v. Hunsberger**, 58 A.3d 32, 38 (Pa. 2012) (citation omitted). However, Pennsylvania law permits trial *in absentia* if the defendant's absence is without cause. **See** Pa.R.Crim.P. 602(A) ("The defendant's absence without cause at the time scheduled for the start of trial or during trial shall not preclude proceeding with the trial, including the return of the verdict and the imposition of sentence."); **see also Commonwealth v. DeCosta**, 197 A.3d 813, 816 (Pa. Super. 2018). "Where the Commonwealth has demonstrated by a preponderance of the evidence that the defendant is absent 'without cause' and he knowingly and intelligently waived his right to be present, he may be tried *in absentia.*" **Commonwealth v. Hill**, 737 A.2d 255, 259 (Pa. Super. 1999) (citation omitted); **see also** Pa.R.Crim.P. 602, cmt. "However, when a defendant is unaware of the charges against him, unaware of the establishment of his trial date or is absent involuntarily, he is not absent 'without cause' and therefore cannot be tried *in absentia*." **Hill**, 737 A.2d at 259 (citation omitted). It is within the trial court's discretion to

- 5 -

proceed with trial *in absentia* instead of granting a continuance. ***See Commonwealth v. Wilson***, 712 A.2d 735, 739 (Pa. 1998).

***Commonwealth v. Foreman***, 92 WDA 2023, unpublished memorandum at 5 (Pa. Super. filed Jan. 18, 2024).[1]

Moreover, Pennsylvania Rule of Criminal Procedure 602 states:

(A) The defendant shall be present at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule. The defendant's absence without cause at the time scheduled for the start of trial or during trial shall not preclude proceeding with the trial, including the return of the verdict and the imposition of sentence.

Pa.R.Crim.P. 602(A). The comment to this rule clarifies that "[a] defendant's presence may be deemed waived by the defendant intentionally failing to appear at any stage of the trial after proper notice." Pa.R.Crim.P. 602, cmt. In support of this statement, the comment cites, *inter alia*, ***Commonwealth v. Sullens***, 619 A.2d 1349 (Pa. 1992).

There, Sullens was notified of his nonjury trial but failed to appear, and the court conducted the trial *in absentia*. ***Sullens***, 619 A.2d at 1350. When Sullens was later apprehended, he appeared for sentencing and "admitted that he had notice of the trial date[,]" but "stated that he had absented himself because he did not want to be found guilty. He offered no justifiable reason for his absence." *Id.* On appeal, our Supreme Cout held that the trial court did not abuse its discretion in proceeding with the trial in Sullens' absence, as the evidence was sufficient to demonstrate that he had notice of his trial date

_____

[1] Pursuant to Pa.R.A.P. 126(b), non-precedential decisions of this Court filed after May 1, 2019, may be cited for their persuasive value.

and failed to appear. *Id.* at 1352. The fact that Sullens later admitted that he knew of his trial date and "willfully decided to absent himself without cause or justification" bolstered the Court's decision. *Id.* at 1353.

Instantly, Appellant claims that **Sullens** is distinguishable from his case. He argues that while Sullens admitted he was aware of his trial date and willfully chose not to appear without cause, "Appellant made no such acknowledgement." Appellant's Brief at 13. Therefore, Appellant insists that "there was no showing that he knowingly and intelligently waived his right to be present." *Id.*

We disagree. Appellant's actions were a clear acknowledgment that he had notice of his trial and willfully chose to absent himself. Namely, he arrived at the courthouse on the day his trial was set to begin, spoke with his attorney, and then left without explanation to his counsel or the court. This was sufficient to demonstrate that Appellant had notice of the date and time of trial, and that he willfully chose to leave without cause.

Our Supreme Court's decision in **Wilson** supports our conclusion. There, Wilson arrived at the courthouse on the day his trial was set to begin, participated in plea discussions with his attorney and the Commonwealth, and then fled the courthouse when plea negotiations failed. **Wilson**, 712 A.2d at 736. The Commonwealth notified the court that Wilson had "absented himself" and that by all indications, it was a willful decision. *Id.* Defense counsel asked for a continuance "until there [was] an attempt to find [Wilson,]" but the court denied that request and the trial proceeded *in*

*absentia*. *Id.* Our Supreme Court found no abuse of discretion in the trial court's decision, stressing that Wilson had appeared "and participated in plea negotiations[,]" demonstrating that he "was fully aware of the date and time of the trial, he was not detained beyond his control, and he could, and did, appear on the morning of the trial." *Id.* at 739. Our Supreme Court held that "[i]t was reasonable for the [trial] court to conclude that [the defendant] fled without cause and that he voluntarily waived his right to be present." *Id.*

The same is true in this case. Here, the trial court found it "clear" that "Appellant intentionally absented himself from his trial in this case…." TCO at 7 (emphasis omitted). The court stressed that Appellant "appeared in the courtroom for trial. He left the courthouse without telling his attorney where he was going and never returned." *Id.* Additionally, the court noted that "Appellant never returned for either day of the two[-]day trial." *Id.* at 8. After discussing Ms. Thomson's testimony and Attorney Hone's statement that he had no information about where Appellant had gone, the court concluded that "there was no abuse of discretion by this court in finding[,] by a preponderance of the evidence[,] that Appellant was absent from his trial without cause." *Id.* at 9.

We discern no abuse of discretion by the court. Based on this record, it is clear that Appellant had notice of the date and time of his trial, as he arrived at the courthouse and spoke to his attorney. He then left the courthouse without explanation, which is sufficient to demonstrate that he willfully absented himself from the trial without cause. Although Appellant insists that

the Commonwealth had a duty to "contact local hospitals or the morgue" before the trial could proceed in his absence, we disagree. Appellant's Brief at 12. In support of his position, Appellant relies on ***Commonwealth v. King***, 693 A.2d 220 (Pa. Super. 1997). There, King appeared in the courtroom for his trial, but after the victim entered the courtroom, he abruptly left without explanation and did not return. ***Id.*** at 222. "After contacting the area's hospitals and the morgue, the trial judge decided to proceed in [King's] absence." ***Id.*** Notably, in concluding that the court did not abuse its discretion on appeal, we made ***no mention*** of the fact that the Commonwealth had contacted hospitals and the morgue. Instead, we stated:

> It is clear that [King] was absent "without cause." [King] concedes that he had notice of his trial date and that he was informed that he was required to appear for trial on that date. In addition, he concedes that he appeared for trial and that he voluntarily decided to flee the courtroom[,] which necessitated his trial and sentencing *in absentia.* Thus, by his actions, [King] has waived the right to challenge the proceedings and his sentence on the basis that it was imposed in his absence.

***Id.*** at 222-23 (footnote omitted). Clearly, our holding in ***King*** was not premised on the fact that the Commonwealth had contacted hospitals and morgues before the trial court proceeded in King's absence. Therefore, it does not support Appellant's contention that the Commonwealth was required to take such steps in the instant case, where he appeared for trial and then voluntarily decided to leave, causing his trial to proceed in his absence.

Finally, we address Appellant's argument that "the trial court improperly shifted the burden of proof regarding whether Appellant willfully absented

himself from trial" from the Commonwealth onto Appellant. Appellant's Brief at 15. In support, Appellant points to the court's remarks in response to the Commonwealth's request for Attorney Hone to testify. Namely, Appellant seemingly takes issue with the court's statement that "if [Appellant] had stated a valid reason to leave, [Attorney] Hone would be certainly telling us that by this point." *Id.* (quoting N.T. Trial at 10-11). According to Appellant, the court's comments show that it "pointed to the fact that Appellant did not present any evidence to explain his absence in support of its decision to proceed with trial *in absentia*." *Id.* at 16.

Appellant's argument is meritless. It is clear from the record that the trial court was simply explaining its decision to deny the Commonwealth's request to call Attorney Hone to the stand to testify about Appellant's absence, thereby implicating the attorney-client privilege. The court reasoned that if Appellant had offered Attorney Hone a valid excuse for his absence, counsel certainly would have revealed it by that point and, thus, there was no need for counsel to testify. The court's rationale did not improperly shift the burden of proof to Appellant; instead, the court merely clarified the basis for its decision to not allow Attorney Hone testify. No relief is due.

In sum, we discern no abuse of discretion in the court's decision to try Appellant *in absentia*. The Commonwealth presented evidence — namely, Ms. Thomson's testimony — to prove that Appellant had notice of the date and time of trial. Namely, Ms. Thomson's testimony demonstrated that Appellant showed up at the courthouse on the day his trial was set to begin, spoke with

his attorney, and then voluntarily left the building. Appellant offered no explanation for his absence to his counsel or the court. Based on the caselaw discussed *supra*, these facts were sufficient to prove, by a preponderance of the evidence, that Appellant had proper notice of his trial, and intentionally failed to appear without good cause. Therefore, he waived his right to be present, and the court did not abuse its discretion in trying him *in absentia*. ***See Foreman***, 92 WDA 2023, unpublished memorandum at 7 (concluding that the trial court did not abuse its discretion in trying Foreman *in absentia* where the record confirmed he had notice of the trial, failed to appear, there was no evidence to suggest he was not there involuntarily, and counsel contacted him on the day of trial to no avail).

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/8/2026