J-S14040-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KENNETH B. TURNER | : | |
| | : | |
| Appellant | : | No. 1393 MDA 2020 |

Appeal from the Judgment of Sentence Entered January 3, 2019
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0004541-2016

BEFORE:  BOWES, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                **FILED JUNE 29, 2021**

Kenneth B. Turner ("Turner") appeals from the judgment of sentence imposed following his convictions of aggravated assault, terroristic threats, simple assault, and recklessly endangering another person.[1]  Additionally, Turner's counsel, Matthew P. Kelly, Esquire ("Attorney Kelly"), has filed a Petition to Withdraw as Counsel, and a brief pursuant to ***Anders v. California***, 368 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We grant Attorney Kelly's Petition to Withdraw as Counsel, and affirm Turner's judgment of sentence.

Turner was arrested on November 9, 2016, and charged with, *inter alia*, the above-referenced offenses after he had assaulted a man with a utility knife during an argument inside of a grocery store in Wilkes-Barre, Luzerne County.

_____

[1] 18 Pa.C.S.A. §§ 2702(a)(4), 2706(a)(1), 2701(a)(3), 2705.

On June 18, 2018, Turner and trial counsel appeared in court; *voir dire* was conducted; and a jury was selected for trial. The trial court instructed the parties to return the next morning, June 19, 2018, for the commencement of trial. On June 19, 2018, Turner failed to appear for trial. Defense counsel informed the trial court that he had attempted to contact Turner at the telephone number counsel had used to contact Turner throughout the proceedings. However, when counsel last called the number, the individual who answered said that they did not know Turner. The Commonwealth moved for a continuance, in order to enforce a subpoena on a Commonwealth witness who also had failed to appear for trial. The trial court granted the Commonwealth's Motion and rescheduled the trial for June 25, 2018.

Turner again failed to appear on the rescheduled trial date. Following the selection of a new jury, the trial commenced *in absentia*. At the conclusion of trial, Turner was convicted of the above-referenced offenses. Sentencing was delayed pending Turner's apprehension. On January 3, 2019, the trial court sentenced Turner to 33-72 months in prison, followed by four months of special probation, for his conviction of aggravated assault. The trial court also sentenced Turner to two consecutive 6-12 month sentences for his terroristic

threats and reckless endangerment convictions.[2]  Turner did not file a post-sentence motion, nor did he file a direct appeal from his judgment of sentence.

Following a successful Petition pursuant to the Post Conviction Relief Act ("PCRA"),[3] the PCRA court reinstated Turner's direct appeal rights, *nunc pro tunc*.  Subsequently, Turner filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.[4]

Before addressing Turner's issues on appeal, we must determine whether Attorney Kelly has complied with the dictates of **Anders** and its progeny in petitioning to withdraw from representation.  **See Commonwealth v. Mitchell**, 986 A.2d 1241, 1244 n.2 (Pa. Super. 2009) (stating that "[w]hen presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw.").  Pursuant to **Anders**, when counsel believes that an appeal is frivolous and wishes to withdraw from representation, he or she must

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record and

---

[2] Turner's simple assault conviction merged with his aggravated assault conviction for sentencing purposes.

[3] **See** 42 Pa.C.S.A. §§ 9541-9546.

[4] We note that Turner's Notice of Appeal was purportedly taken from the PCRA court's September 24, 2020, Order reinstating Turner's direct appeal rights. However, Turner's appeal properly lies from the judgment of sentence imposed on January 3, 2019.  **See Commonwealth v. Harper**, 890 A.2d 1078, 1081 (Pa. Super. 2006) (stating that in a criminal case, appeal properly lies from the judgment of sentence).  We have corrected the caption accordingly.

interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable merit, and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or to raise any additional point that he deems worthy of the court's attention. The determination of whether the appeal is frivolous remains with the court.

*Commonwealth v. Burwell*, 42 A.3d 1077, 1083 (Pa. Super. 2012) (citation omitted).

Additionally, the Pennsylvania Supreme Court has explained that a proper *Anders* brief must

(1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

In the instant case, our review of the *Anders* Brief and the Petition to Withdraw as Counsel reveals that Attorney Kelly has substantially complied with each of the requirements of *Anders* and *Santiago*. *See Commonwealth v. Wrecks*, 934 A.2d 1287, 1290 (Pa. Super. 2007) (stating that counsel must substantially comply with the requirements of *Anders*). Attorney Kelly indicates that he has made a conscientious examination of the record and has determined that an appeal would be frivolous. Petition to Withdraw as Counsel, 2/23/21. Further, Attorney Kelly indicates that he has provided Turner with a copy of the *Anders* Brief; advised Turner of his rights

to proceed *pro se*, retain new counsel or to raise any additional points deemed worthy of this Court's attention; and attached a copy of the letter sent to Turner pursuant to **Commonwealth v. Millisock**, 873 A.2d 748, 751 (Pa. Super. 2005). Accordingly, we will now address the issues that, according to Attorney Kelly, arguably support Turner's appeal.

Attorney Kelly presents the following two issues, on behalf of Turner, for our review:

> 1. Whether the trial court violated the [S]ixth [A]mendment of the United States Constitution as well as the Pennsylvania Constitution in denying [Turner] his right to confront his accuser about [*sic*] holding a trial *in absentia*[?]
>
> 2. Whether the trial court abused its discretion in sentencing [Turner] to an excessive sentence outside of the guidelines and exceeding the statutory maximums[?]

**Anders** Brief at 1.

In Turner's first issue, he argues that his constitutional rights were violated when the trial court held his trial *in absentia*. **Id.** at 7-8. Turner asserts that despite appearing in court for jury selection and being informed of his obligation to appear in court for trial, his failure to appear should not have deprived him of his constitutional rights to confrontation. **Id.**

"A person accused of a crime has a constitutional right pursuant to the Sixth Amendment of the United States Constitution and Article 1, § 9 of the Pennsylvania Constitution to be present at every stage of a criminal trial." **Commonwealth v. Wilson**, 712 A.2d 735, 737 (Pa. 1998). "In non-capital

cases, a defendant may, by his actions, waive this right expressly or implicitly.

The waiver must be knowing and voluntary." *Id.*

Rule 602 of the Pennsylvania Rules of Criminal Procedure provides, in

relevant part, as follows:

> The defendant shall be present at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule. **The defendant's absence without cause at the time scheduled for the start of trial or during trial shall not preclude proceeding with the trial**, including the return of the verdict and the imposition of sentence.

Pa.R.Crim.P. 602(a) (emphasis added).

The Comment to Rule 602 provides that,

> upon a finding that the [defendant's] absence was without cause, the trial judge may conduct the trial in the defendant's absence when the defendant fails to appear without cause at the time set for trial or during trial. The burden of proving that the defendant's absence is without cause is upon the Commonwealth by a preponderance of the evidence. *See Commonwealth v. Scarborough*, 421 A.2d 147 (Pa. 1980) (when a constitutional right is waived, the Commonwealth must show by a preponderance of the evidence that the waiver was voluntary, knowing and intelligent); *Commonwealth v. Tizer*, 684 A.2d 597 (Pa. Super. 1996)[; *see also*] *Commonwealth v. Bond*, 693 A.2d 220, 223 (Pa. Super. 1997) ("[holding that a] defendant who is unaware of the charges against him, unaware of the establishment of his trial date or is absent involuntarily is not absent 'without cause.'").

* * *

> **A defendant's presence may be deemed waived by the defendant intentionally failing to appear at any stage of the trial after proper notice.** *See Commonwealth v. Wilson*, 712 A.2d 735 (Pa. 1998) ([concluding that ]a defendant, who fled courthouse after jury was impaneled and after subsequent plea negotiations failed, was deemed to have knowingly and voluntarily

waived the right to be present); ***Commonwealth v. Sullens***, 619 A.2d 1349 (Pa. 1992) ([stating that ]when a defendant is absent without cause at the time his or her trial is scheduled to begin, the defendant may be tried *in absentia*).

Pa.R.Crim.P. 602 cmt. (emphasis added).

In its Opinion, the trial court addressed this issue as follows:

[Turner] participated in jury selection on June 18[, 2020,] and was directed to report the following morning for the start of trial. He failed to appear on June 19[, 2020,] and at no time contacted the court or his attorney to explain his absence. Efforts by his attorney to contact [Turner] were unsuccessful. In essence, [Turner] went "off the radar" and was "incommunicado" after he helped to select a jury to hear his case on June 18[, 2020]. As a result, he failed to appear for his trial the following week. The telephone number [Turner] used to communicate with his attorney was answered by a woman who did not know [Turner] by name. Neither [Turner] nor his counsel provided any evidence he was in the hospital or otherwise indisposed at any time relevant to his trial date. More specifically, [Turner] has never denied having knowledge of his trial date and he never averred he was unable to communicate with his attorney or the court during the relevant time.

We note that "… it is long-established that where a person absents himself from trial, his jury trial right is not infringed." ***Commonwealth v. Kelly***, 78 A.3d 1136[, 1142] (Pa. Super. 2013). The record here establishes that [Turner] failed to appear for his trial without explanation after selecting a jury[,] and then failed to maintain contact with the court and his attorney. Therefore, we rule that trial *in absentia* was appropriate.

In conclusion as to this issue, we considered the totality of the record and all relevant circumstances prior to proceeding with the trial *in absentia*, to include the likelihood [Turner] would cooperate and appear if trial were to be continued one week. ***See***[] N.T.[], 6/28/[]18, at 40-41. Based upon the foregoing, in our judgment, we appropriately exercised our discretion in concluding that [Turner], by his *actions*, waived his right to appear. ***See Commonwealth v. Smith***, [] 181 A.3d 1168, 1175 [(Pa. Super. 2018)]. Accordingly, we submit the claimed error lacks merit.

Trial Court Opinion, 12/22/20, at 4-5 (emphasis in original; footnotes omitted).

Our review of the record confirms the sound judgment of the trial court, and we discern no abuse of discretion in the trial court's decision to hold Turner's trial *in absentia* after Turner had failed to appear on his trial date. **See Wilson**, **supra**.

In Turner's second issue, he argues that the trial court imposed an excessive sentence, as his sentence fell outside of the sentencing guidelines and exceeded the statutory maximum. **Anders** Brief at 8-9.

Turner's claims challenge the discretionary aspects of his sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." **Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010). Prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> * * *
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent

with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Moury*, 992 A.2d at 170 (quotation marks and some citations omitted).

"To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." *Commonwealth v. Malovich*, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted). Further, where a sentence is imposed within the guidelines, this Court may only reverse the trial court if we find that the circumstances of the case rendered the application of the guidelines "clearly unreasonable." 42 Pa.C.S.A. § 9781(c)(2). Our review of the reasonableness is based upon the factors contained in 42 Pa.C.S.A. § 9781(d), and the trial court's consideration of the general sentencing standards contained in 42 Pa.C.S.A. § 9721(b). *See Commonwealth v. Baker*, 72 A.3d 652, 663 (Pa. Super. 2013). However, "[w]e cannot re-weigh the sentencing factors and impose our judgment in the place of the sentencing court." *Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa. Super. 2009) (citation omitted).

In this case, Turner filed a timely Notice of Appeal, and has included in his appellate brief a separate Rule 2119(f) Statement. Our review of the record, however, discloses that Turner failed to preserve his claim either at his sentencing hearing or in a timely post-sentence motion. *See Commonwealth v. Mann*, 820 A.2d 788, 794 (Pa. Super. 2003) (holding

that objections to the discretionary aspects of sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed at that hearing).[5, 6]

Additionally, to the extent that Turner raises an issue related to the legality of his sentence, the trial court addressed this issue as follows:

> In the first instance, we note "…a challenge to the legality of a sentence is never waived." **Commonwealth v. Shugars**, 895 A.2d 1270, 1279 (Pa. Super. 2006) (citations omitted). A legality of sentence challenge "…may be entertained so long as the reviewing court has jurisdiction." **Commonwealth v. Robinson**, 931 A.2d 15, 19-20 (Pa. Super. 2007) (citation omitted)…. Notwithstanding, [Turner] has failed to identify which, if any, criminal sentence imposed exceeded the statutory maximum. We are guided by statute as it relates to sentencing for each of the criminal convictions. **See**[] 18 Pa.C.S.A. §[§] 1103(2)[,] [] 1104(2). In this instance, [Turner] was sentenced for a felony of the second[ ]degree, a misdemeanor of the first[ ]degree, and a misdemeanor of the second[ ]degree. The maximum sentence that can be imposed for each conviction is ten years for a second-degree felony, five years for a misdemeanor of the first[ ]degree and two years for a misdemeanor of the second[ ]degree. **Id.** The sentences imposed here all fall within the statutory maximums. To reiterate, importantly, [Turner] was sentenced within the standard range of the Sentencing Guidelines for each

---

[5] We note that, when Turner's direct appeal rights were reinstated on September 24, 2020, Turner did not seek leave to file a post-sentence motion.

[6] Each of Turner's sentences fell within the standard range of the Sentencing Guidelines, and the trial court had the benefit of a pre-sentence investigation report. **See** Trial Court Opinion, 12/22/20, at 7-8; N.T., 1/3/19, at 2-10; **see also Moury**, **supra** at 171 (stating that where the sentencing court imposed a standard-range sentence with the benefit of a pre-sentence report, this Court will not consider the sentence excessive, and we assume that the sentencing court was aware of the relevant information regarding the defendant's character, weighing those considerations with mitigating statutory factors).

offense.  ***See*** [] 204 Pa.[ ]Code § 303.16(a), Basic Sentencing Matrix, 7th Edition, Amendment 3 (09/25/2015).

Trial Court Opinion, 12/22/20, at 7-8 (footnote omitted).

We agree with the sound judgment of the trial court, and affirm on the basis of its Opinion.  ***See id.***

Finally, our independent review of all the proceedings discloses no other non-frivolous issues that Turner could raise on appeal.  ***See Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*) (stating that after reviewing the issues raised in counsel's ***Anders*** brief, this Court shall "conduct a simple review of the record to ascertain if there appears on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated.").  Thus, we grant Attorney Kelly's Petition to Withdraw, and affirm Turner's judgment of sentence.

Petition to Withdraw granted.  Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/29/2021

- 11 -